IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUSSELL MCCLOUD,

    Petitioner,           No. CIV S-07-1350 LKK DAD P

   vs.

KUMA J. DEBOO, Warden,

    Respondent.        FINDINGS AND RECOMMENDATIONS

                           /

       Petitioner is a federal prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Before the court is respondent's motion to dismiss the petition on the ground that this action has been rendered moot. Petitioner has not filed any opposition to the motion.[1]

**BACKGROUND**

       On July 10, 2007, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Therein, petitioner explains that he has filed several requests for

/////

---

[1] On April 14, 2008, the court ordered petitioner to file his opposition to respondent's motion within twenty days. Petitioner has not complied with the court's order. Accordingly, dismissal pursuant to Federal Rule of Civil Procedure 41(b) would be justified. Nonetheless, the court will address the merits of the motion.

1

an early transfer to a Community Corrections Center.[2] (Pet. at 2-3 & Exs. A-C.) According to petitioner, the Federal Bureau of Prisons (BOP) has denied his requests for "no legally valid reason." (Pet. at 3.) Petitioner requests, <u>inter alia</u>, that the court order respondent to reconsider him for placement in a Community Corrections Center in light of the factors set forth in 28 U.S.C. § 3621(b).

## RESPONDENT'S MOTION TO DISMISS

Respondent moves to dismiss the petition arguing that it is now moot because petitioner has already been transferred to a Residential Reentry Center. (Resp't's Mot. to Dismiss at 1.) Attached to respondent's motion to dismiss is a declaration from Bobbi Butler of the Correctional Programs Department, stating that the BOP transferred petitioner to Cornell Corrections Residential Reentry Center on February 12, 2008. (<u>Id.</u>, Butler Decl. at 1-2.)

## ANALYSIS

Under Article III of the United States Constitution, federal courts are not to decide moot questions or abstract propositions. <u>See</u> <u>North Carolina v. Rice</u>, 404 U.S. 244, 245-46 (1971); <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70 (1983) (federal court jurisdiction extends only to actual cases or controversies). Here, petitioner challenged the Federal Bureau of Prisons' refusal to place him in a Residential Reentry Center. However, the BOP has since placed petitioner in the Cornell Corrections Residential Reentry Center. Because petitioner has already been granted the relief he requests, this case has been rendered moot. <u>See</u> <u>Rice</u>, 404 U.S. at 246 ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them"); <u>NAACP, Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352-53 (9th Cir. 1984) ("A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission. . . .").

/////

---

[2] These centers are now referred to as Residential Reentry Centers.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's February 25, 2008 motion to dismiss the petition as moot be granted;

2. All other pending motions be denied as moot; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 19, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mccl1350.157

3